**ARNOLD WEISS CORPORATION, Plaintiff,**

v.

**MANISHA SPORTSWEAR, INC., Defendant.**

**No. 89 Civ. 6984 (CSH).**

United States District Court, S.D. New York.

May 24, 1991.

J. Goldstein, Baratta & Goldstein, New York City, for defendant.

### MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

In this diversity action, plaintiff is a corporate sales representative which entered into a written contract with defendant, a manufacturer and importer of apparel. Defendant terminated the contract in a manner which plaintiff contends violated its terms. Plaintiff moves under Rule 56, Fed.R.Civ.P., for partial summary judgment on the issue of liability. Defendant cross-moves for summary judgment dismissing the complaint.

#### Background

Plaintiff Arnold Weiss Corporation and defendant Manisha Sportswear, Inc. entered into a written contract dated September 1, 1982 pursuant to which plaintiff acted as defendant's sales representative. The contract set forth a schedule of commissions payable by defendant to plaintiff whose details I need not consider on these motions.

The contractual provision central to the case appears in ¶3, which provides:

The period of this agreement shall be one year effective September 1, 1982, and shall be automatically renewed from year to year unless revoked by either party with a 120 written notice of such cancellation.

Plaintiff and defendant maintained this relationship for a number of years. However, in a letter dated June 23, 1989, defendant's vice-president, Dilip S. Katara, advised Arnold Weiss of the plaintiff corporation that owing to adverse business conditions, "we feel that we have no choice but to terminate our contract with you dated September 1, 1982." Defendant's June 23, 1989 letter continues:

As per clause three of the contract this is our notice for a hundred twenty (120) days for such termination. After October 21, 1989 the override on all sales will not be given. Only the regular agreed commission will be paid to all the salesman.

Plaintiff contends that under the unambiguous wording of ¶3 of the contract, the contract was automatically renewed for a year from September 1, 1989, so that it remained in effect through August 31, 1990. That is so, plaintiff contends, because defendant did not send the requisite 120 day written notice of cancellation, which to prevent automatic renewal under ¶3 had to be received by plaintiff not later than April 30, 1989. As noted, defendant's letter of termination was dated June 23, 1989.

Defendant contends that under the contract, "either side could give 120 days notice of termination which was equivalent to a selling season and then at the end of that time the contract was terminated." Affidavit of Sham Lund, defendant's vice-president, at p. 2.

In these circumstances, plaintiff moves for partial summary judgment on the issue of liability, with the amount of damages to be determined in subsequent proceedings. Defendant cross-moves for summary judgment dismissing the complaint.

#### Discussion

Plaintiff is entitled to partial summary judgment on the issue of liability.

■ ¶3 of the contract is clear and unambiguous. Plaintiff is entitled to its benefit. On September 1, 1989, in the absence of

timely prior notice of cancellation, the contract was automatically renewed for an additional year. That is what the contract says. Defendant could not, consistent with the contract's terms, give a valid notice of cancellation earlier than 120 days before the next anniversary date, namely, September 1, 1990. Accordingly plaintiff is entitled to claim the contract's benefits through August 31, 1990.

The parties were at liberty to include a termination clause consistent with defendant's professed understanding, but they did not do so. To give the contract the construction for which defendant contends would nullify the explicit provision that on September 1 of each year, the contract "shall be automatically renewed from year to year ..." Defendant is not entitled in law to argue for an interpretation which files in the face of clear and explicit language.

Defendant argues that its interpretation is consistent with the selling season in the industry. But the contract makes no reference to "selling seasons" at all, let alone a reference which would affect or abrogate the clear language of ¶ 3.

■ Defendant offers notes made by Weiss "preparatory to drafting the final agreement." Lund affidavit p. 2. Defendant perceives in those notes an interpretation inconsistent with plaintiff's construction of the contract. That is by no means clear, but in any event notes such as these, created before the contract was entered into, are inadmissible under the parol evidence rule. *See, e.g., Leslie Fay, Inc. v. Rich,* 478 F.Supp. 1109, 1113 (S.D.N.Y.1979) (Sofaer, J.).

Plaintiff's motion is granted. Defendant's cross-motion is denied. Counsel for plaintiff are directed to settle a judgment consistent with this Opinion on seven (7) days' notice within twenty (20) days of the date of this Opinion and Order.

The parties are directed to attend a status conference in Room 307 at 2:30 p.m. on July 12, 1991.

It is SO ORDERED.